UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VANCE H. SMITH,
JOSEPH ROSENTHAL, and
MARK GIRTLER,

        Plaintiff,

        v.                              Case No. 23-C-1174

WARDEN BUESGEN,
CAPTAIN VLASAK, and
SERGEANT MASON,

        Defendants.

## SCREENING ORDER

    Plaintiff Vance Smith, a prisoner confined at Green Bay Correctional Institution, Mark Girtler, a prisoner confined at Wisconsin Secure Program Facility, and Attorney Joseph Rosenthal of the Law Offices of Joseph Rosenthal, filed a complaint under 42 U.S.C. §1983, alleging that their civil rights were violated. Smith paid the civil case filing fee on September 5, 2023, and Girtler paid the civil case filing fee on October 11, 2023. This matter comes before the Court to screen the complaint. *See* 28 U.S.C. 1915A.

### SCREENING OF THE COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the

Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiffs explain that Smith assisted Girtler with a lawsuit Girtler filed in 2019 in the U.S. District Court for the Western District of Wisconsin. *See Girtler v. Lt. Fedie*, Case No. 19-C-358 (W.D. Wis.). After that court denied the parties' cross-motions for summary judgment, Girtler retained Rosenthal and allegedly instructed Rosenthal to consult with Smith to prepare for trial.

2

Rosenthal allegedly agreed to consult with Smith and to allow Smith to review and comment on any submissions before Rosenthal filed them. Dkt. No. 1 at 2–3.

According to Smith, on January 4, 2021, he submitted an inmate complaint against Defendant Sergeant Mason for allegedly destroying documents that Smith intended to use in a pending lawsuit. A few months later, on March 2, 2021, Rosenthal allegedly mailed documents to Smith that Rosenthal intended to file in Girtler's case. Rosenthal also included documents related to another inmate's case, which Smith asserts he also was assisting with. According to Smith, Mason instructed mailroom staff not to deliver the documents to Smith because it concerned other inmates' legal matters. Smith asserts that he spoke to Mason and explained that the documents were not from third parties but were Rosenthal's work product being sent to him for his review. Mason allegedly refused to give Smith the documents. Dkt. No. 1 at 3.

Rosenthal allegedly contacted Defendant Captain Vlasak, the mailroom supervisor, a few days later and informed him that he had sent the documents to Smith for his review since he was assisting with the cases. Rosenthal also allegedly informed Vlasak that the prisoners he was representing had asked him to consult with Smith. Vlasak refused to deliver the mail to Smith. Smith asserts that he filed an inmate grievance on March 8, 2021, which Defendant Warden C. Buesgen denied. Dkt. No. 1 at 4.

Smith asserts that on March 18, 2021, another inmate mailed legal documents to him. According to Smith, without notice or explanation to Smith, Mason refused to deliver the documents and returned them to the inmate with an explanation that he had not placed a "0" at the start of Smith's inmate number. Smith explains that there is no requirement that a "0" be placed at the start of an inmate's number. The inmate informed Smith that his mail had been returned

and, at Smith's direction, mailed the envelope back to Smith. Smith asserts that he filed an inmate complaint against Mason for refusing to deliver his mail. Dkt. No. 1 at 4–5.

According to Smith, because staff interfered with the mail, Rosenthal withdrew from Girtler's case, and Girtler had to retain new counsel. Girtler asserts that he did not learn that staff had interfered with the delivery of Rosenthal's mail to Smith until May 2023, at which time he filed an inmate complaint. The inmate complaint was allegedly rejected as untimely. Dkt. No. 1 at 5.

### THE COURT'S ANALYSIS

Plaintiffs first assert that Defendants infringed upon their constitutional rights when mailroom staff opened and reviewed mail that Rosenthal sent to Smith about Girtler's and another inmate's cases. Plaintiffs insist that the mail was legal mail protected by attorney-client privilege. "The attorney-client privilege is centrally concerned with confidences communicated by the client to his lawyer in order to enable the lawyer to formulate an effective litigation strategy." *Guajardo-Palma v. Martinson*, 622 F.3d 801, 802 (7th Cir. 2010). Here, only Girtler and Rosenthal enjoyed a client-attorney relationship; Smith had not retained Rosenthal as his attorney. While admittedly unconventional, Rosenthal agreed to consult with Smith regarding how to proceed in Girtler's case. According to Plaintiffs, Rosenthal's inability to do so resulted in Rosenthal withdrawing as counsel and therefore impeded Girtler's First Amendment right to obtain legal advice. *See Denius v. Dunlap*, 209 F.3d 944, 954 (7th Cir. 2000). Further development of the record is necessary to understand the contours of such a claim, but, at this early stage, the Court will allow Girtler to proceed on a claim against Mason and Vlasak based on allegations that their refusal to deliver Rosenthal's mail to Smith violated Girtler's First Amendment rights.

Further, under the First Amendment, prisoners and non-prisoners have a right to correspond. *See Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Of course, that right "does not preclude prison officials from examining mail to ensure that it does not contain contraband." *Kaufman*, 419 F.3d at 685. Smith and Rosenthal state that Mason and Vlasak informed them that they would not deliver Rosenthal's mail because it concerned other inmates' legal matters, suggesting that their refusal was made pursuant to a prison regulation or practice. "Prison regulations or practices affecting a prisoner's receipt of non-legal mail also implicate First Amendment rights and must be 'reasonably related to legitimate penological interests.'" *Rowe*, 196 F.3d at 781. Further development of the record is necessary before the Court can determine whether Mason and Vlasak's refusal to deliver Rosenthal's mail was justified. Accordingly, Smith and Rosenthal may proceed on a First Amendment claim against Mason and Vlasak based on allegations that they refused to deliver Rosenthal's mail to Smith. Smith states an additional claim against Mason based on allegations that she refused to deliver mail from another inmate to him.

Smith may also proceed on a retaliation claim against Mason. To state a retaliation claim, a plaintiff must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Smith's allegations that Mason retaliated against him by refusing to deliver his mail because he filed an inmate grievance against her are sufficient to state a claim.

Smith does not, however, state a claim against Mason based on allegations that she did not provide him notice of the non-delivery of his mail. After learning from the other inmate that the

5

letter had not been delivered, Smith availed himself of the inmate complaint review system to challenge the alleged interference with his mail. Smith therefore received all the process that is required. *See, e.g., Williams v. Mierzejewski*, 401 F. App'x 142, 144 (7th Cir. 2010) ("That [plaintiff] was not given notice on the proper Department of Corrections form, in and of itself, does not violate due process."). Further, Smith alleges that Mason refused to deliver the inmate's mail based on a made-up requirement, meaning that the deprivation he suffered was caused by a random and unauthorized act rather than by an established state procedure. Given that Wisconsin's post-deprivation proceedings are adequate, Smith cannot maintain a due process claim. *See Hamlin v. Vaudenberg*, 96 F.3d 580, 584-85 (7th Cir. 1996).

Plaintiffs also fail to state a claim against Warden Buesegen based on allegations that he dismissed Smith's inmate complaint. The Seventh Circuit has explained that "[o]nly persons who participate in the violations are responsible [and] . . . [r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Finally, the Court reminds Plaintiffs that Federal Rule of Civil Procedure 11(a) requires that every pleading, motion, and other paper be signed by each party personally if the party is representing himself. This requirement may be difficult and costly for Plaintiffs to comply with given that Rosenthal is not incarcerated and Smith and Girtler are confined at different institutions. Plaintiffs should bear in mind that institution mail policies may cause delay; they should plan accordingly. Plaintiffs are warned that, pursuant to Rule 11(a), the Court will strike any future filing that is not signed by all of them.

**IT IS THEREFORE ORDERED** that Warden Buesgen is **DISMISSED** because Plaintiffs fail to state a claim against him.

**IT IS FURTHER ORDERED** that Girtler's motion for an extension of time to pay the civil case filing fee (Dkt. No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Captain Vlasak and Sergeant Mason.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Captain Vlasak and Sergeant Mason shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>   Honorable William C. Griesbach
>   c/o Office of the Clerk
>   United States District Court
>   Eastern District of Wisconsin
>   125 S. Jefferson Street, Suite 102
>   Green Bay, WI 54301

7

Case 1:23-cv-01174-WCG   Filed 10/26/23   Page 7 of 8   Document 10

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiffs are further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The clerk's office will mail a guide prepared by court staff to Smith and Girtler.  The guide addresses common questions that arise in cases filed by prisoners.  Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Smith and Girtler may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this <u>26th</u> day of October, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge