UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VANCE H. SMITH,
JOSEPH ROSENTHAL, and
MARK GIRTLER,

        Plaintiffs,

        v.                                Case No. 23-C-1174

CAPTAIN VLASAK, et al.,

        Defendants.

---

## DECISION AND ORDER

---

        Plaintiffs are representing themselves in this 42 U.S.C. §1983 action. On October 26, 2023, the Court screened Plaintiffs' complaint, and allowed them to proceed on various claims arising under the First Amendment. Dkt. No. 10. However, the Court also concluded that Plaintiffs failed to state a claim against Warden Buesgen based on allegations that he dismissed Plaintiff Vance Smith's inmate complaint about Defendants Sgt. Mason and Cpt. Vlasak's refusal to deliver Plaintiff Joseph Rosenthal's mail to Smith. The Court observed that "[o]nly persons who participate in the violations are responsible [and] . . . [r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

        On November 3, 2023, Plaintiffs filed a motion for reconsideration. They assert that the Court misapprehended their allegations. According to Plaintiffs, Buesgen's involvement was not limited to the administrative review process. Plaintiffs allege that, as warden, Buesgen had the authority to direct Mason and Vlasak to deliver the mail, but instead he opted to turn a blind eye

to their alleged misconduct. Upon further review of the complaint, the Court will grant Plaintiffs' motion for reconsideration and will allow them to proceed on a First Amendment claim against Buesgen based on allegations that he failed to take steps to abate the alleged violation of their constitutional rights. *See, e.g., Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (explaining that "[o]nce an official knows of [a] risk, the refusal or declination to exercise the authority of his or her office may reflect deliberate disregard").

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for reconsideration (Dkt. No. 11) is **GRANTED** and the portion of the screening order (Dkt. No. 10) dismissing Warden Buesgen is **VACATED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the complaint, the screening order, and this order are being electronically sent today to the Wisconsin Department of Justice for service on Warden Buesgen.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Warden Buesgen shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Green Bay, Wisconsin this 14th day of November, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge