UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VANCE H. SMITH,
JOSEPH F. ROSENTHAL,
MARK GIRTLER,

        Plaintiffs,

    v.                                    Case No. 23-C-1174

CHRIS BUESGEN, et al.,

        Defendants.

## ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

    Plaintiffs Vance Smith, Joseph Rosenthal, and Mark Girtler are suing Defendants Chris Buesgen, Charles Vlasak, and Diane Mason in this 42 U.S.C. §1983 action. Smith and Girtler are incarcerated at Green Bay Correctional Institution. Although all three Plaintiffs were initially *pro se*, they are now represented by Rosenthal, who is an attorney and who continues to represent himself. On November 14, 2023, the Court screened the complaint and allowed Plaintiffs to proceed on various First Amendment claims based on alleged interferences with their mail. On February 5, 2024, Defendants moved for partial summary judgment on the ground that Smith and Girtler had not exhausted the available administrative remedies as to some of their claims. After unnecessary delays,[1] the motion was fully briefed on June 14, 2024. For the reasons explained below, the Court will grant-in-part and deny-in-part Defendants' motion.

---

    [1] On March 27, 2024, at Rosenthal's request, the Court struck Plaintiffs' responses to Defendants' summary judgment motion. The responses had been prepared and filed by Smith before Rosenthal filed a notice of appearance on behalf of Smith and Girtler. Despite having received Defendants' motion nearly two months earlier, Rosenthal requested an additional thirty

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

**ANALYSIS**

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "The primary justification for requiring prisoners to exhaust

---

days to file Plaintiff's response materials. On April 28, 2024, Rosenthal re-filed the same response materials that Smith had filed two months earlier—the only difference was updated signature pages. Rosenthal then requested three extensions of time to file Girtler's supporting declaration. Finally, on May 27, 2024, Rosenthal filed the same declaration that Girtler had filed on March 6, 2024. Again, the only change was an updated signature page.

administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020).

Wisconsin established the inmate complaint review system to review inmate grievances regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment. Wis. Admin. Code § DOC 310.06(1). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Federal courts "take[ ] a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Failure to exhaust "is an affirmative defense, and the burden of proof is on the defendant." *Id.*

In Wisconsin, an inmate is required to file an inmate complaint "within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code § DOC 310.07(2). An inmate seeking to file an inmate complaint beyond the fourteen-day window must "request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." *Id.* "At the discretion of the [institution complaint examiner], a late response may be accepted for good cause." *Id.*

1. **Girtler Failed to Exhaust the Administrative Remedies in Connection with his Claims against Mason, Vlasak, and Buesgen**

Girtler is proceeding on two claims: 1) that Mason and Vlasak refused to deliver Rosenthal's mail to Smith, which resulted in Rosenthal withdrawing as Girtler's counsel; and 2) that Buesgen, in his capacity as supervisor, failed to take steps to correct the non-delivery of the mail. Girtler filed two inmate complaints relating to these claims. He filed the first (WSPF-2021-4968) on March 31, 2021, asserting that staff was interfering with his right of access to the courts by refusing to deliver his attorney's legal work to Vance, who he characterized as his "paralegal." The institution complaint examiner recommended dismissing the inmate complaint because Girtler could contact the court at any time. Moreover, the inmate complaint examiner noted that the mail in question was delivered to Smith on April 30, 2021. On May 3, 2021, the reviewing authority

3

dismissed the inmate complaint, repeating that Girtler may contact the court at any time and that the mail in question had been delivered. Dkt. No. 22-2 at 4-8. Girtler did not appeal the dismissal.

Nearly eight months later, on December 30, 2021, Rosenthal withdrew as Girtler's counsel. More than seventeen months after Rosenthal's withdrawal, on March 26, 2023, Girtler submitted a second inmate complaint (WSPF-2023-4368) asserting that staff had read his legal documents without his permission. He insisted "good cause" existed for his untimely complaint because he had only recently learned about his legal documents being read from a relative who had spoken to Rosenthal. On March 28, 2023, the institution complaint examiner recommended rejecting the inmate complaint as untimely because Girtler had filed it long after the fourteen-day time limit. The institution complaint examiner specifically found that Girtler's explanation for the late filing did not provide good cause for accepting the late inmate complaint. On March 31, 2023, the reviewing authority agreed that the inmate complaint was appropriately rejected as untimely. Dkt. No. 22-3 at 4-10.

Mason, Vlasak, and Buesgen are entitled to summary judgment on Girtler's claims against them because Girtler failed to exhaust the administrative remedies with regard to those claims. As noted, the Court allowed Girtler to proceed on a claim against these Defendants based on allegations that, because of their failure to timely deliver Rosenthal's mail to Vance and because institution staff read Rosenthal's mail before delivering it, Rosenthal withdrew as Girtler's attorney. Of course, Rosenthal withdrew as Girtler's attorney nearly eight months *after* the first inmate complaint was resolved, so that inmate complaint could not have put the institution on notice of the claims raised in this case because those claims did not exist at that time.

Moreover, Girtler's second inmate complaint, which was filed nearly a year and a half after Rosenthal withdrew as Girtler's counsel, was properly rejected as untimely. Girtler insists he provided good cause for the late filing, but the institution complaint examiner exercised her discretion and determined Girtler's explanation was insufficient. It is not the Court's role to second

4

guess the institution complaint examiner's discretionary determinations. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("if the state stands on its time limits and rejects the filing as too late, then state remedies have not been properly invoked"). For what it is worth, the Court agrees that Girtler failed to show good cause for his late filing. Nothing prevented Girtler from discovering the reason for Rosenthal's withdrawal other than his own lack of curiosity. Girtler never explains why he did not ask Rosenthal why he was withdrawing at the time he withdrew rather than waiting for a relative to inform him of that fact more than a year later. Regardless, it is indisputable that Girtler's second inmate complaint was filed long after § DOC 310.07's fourteen-day time limit. Accordingly, Girtler failed to exhaust the administrative remedies as to his claims against Mason, Vlasak, and Buesgen, so they are entitled to summary judgment.

2. **Smith Failed to Exhaust the Administrative Remedies in Connection with his Retaliation claim against Mason, but He Exhausted his First Amendment Claim against Buesgen**

Defendants assert that Smith failed to exhaust the administrative remedies in connection with two of the claims on which he is proceeding:[2] 1) that Mason retaliated against him by failing to deliver mail from another inmate because he had filed inmate complaints against her; and 2) that Buesgen turned a blind eye to staff members' refusal to deliver Rosenthal's mail to him. With regard to Smith's retaliation claim, Smith submitted inmate complaint SCI-2021-5530 on April 8, 2021, complaining that his mail had not been delivered to him because the envelope failed to include a "0" before his inmate number. On June 10, 2021, he filed a second inmate complaint about delivery of his mail being unreasonably delayed. In neither inmate complaint does Smith

---

[2] Plaintiffs also argue that Smith exhausted a second retaliation claim against Mason, which Smith sought to raise in a "supplemental complaint," but the Court struck Smith's motion for leave to file a supplemental pleading because it was not signed by all Plaintiffs and, with the agreement of Rosenthal, terminated Smith's motion for reconsideration of that decision. *See* Dkt. Nos. 25, 36. Smith is therefore not proceeding on a second retaliation claim as his response materials suggest.

assert that his mail delivery issues were connected to him filing inmate complaints about Mason. Dkt. No. 22-6 at 6-10; Dkt. No. 22-7 at 3-10.

The Seventh Circuit has long held that to satisfy the exhaustion requirement, an inmate must give a prison "notice of, and an opportunity to correct, a problem." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Smith complained only that his mail was not delivered or that the delivery was delayed; nothing in the inmate complaints even hint at a retaliatory motive. Smith insists that he referenced "harassment" in an information request that he submitted during his informal attempts to resolve the non-delivery issue, but, putting aside the fact that harassment and retaliation are not the same, raising concerns in an information request does not comply with § DOC 310.07(6), which requires that *the complaint* "contain sufficient information for the department to investigate and decide the complaint." *See Pozo*, 286 F.3d at 1025 ("To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim.") Smith made no mention of retaliation (or harassment) in his inmate complaints, so he failed to comply with the grievance procedures. *See Price v. Friedrich*, 816 F. App'x 8, 10 (7th Cir. June 5, 2020). Mason is therefore entitled to summary judgment on Smith's retaliation claim.

Smith did, however, exhaust the available administrative remedies on his claim that Buesgen turned a blind eye to staff's failure to deliver mail from Rosenthal. Defendants argue that Smith did not file an inmate grievance related to Buesgen's alleged misconduct. But Defendants take too narrow a view of the exhaustion requirement. On March 6, 2021, Smith submitted inmate complaint SCI-2021-3701 in which he complained about the non-delivery of his legal mail. This inmate complaint was sufficient to put the institution on notice of the issue. Defendants are correct that Smith identified only Mason and Vlasak in the inmate complaint and made no reference to Buesgen, but, per § DOC 310.07(5), an inmate complaint must only identify the issue about which the inmate is complaining. There is no requirement that an inmate identify the people involved or detail a particular person's involvement. Further, once an inmate has provided his institution

6

notice of the issue (here, the non-delivery of legal mail), there is no need to file multiple, successive grievances raising the same issue just because additional people later become involved. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("Separate complaints about particular incidents are only required if the underlying facts or the complaints are different"). Given that Smith exhausted the administrative remedies in connection with his claim about the non-delivery of legal mail, Buesgen is not entitled to summary judgment on this claim.

## CONCLUSION

For these reasons, Defendants' partial motion for summary judgment on exhaustion grounds (Dkt. No. 19) is **GRANTED-IN-PART** and **DENIED-IN-PART** as described in this decision. Girtler's claims against Mason, Vlasak, and Buesgen are **DISMISSED without prejudice**. Because these are the only claims on which Girtler is proceeding, he will be terminated from this action. Moreover, Smith's retaliation claim against Mason is **DISMISSED without prejudice**. Smith's claim against Buesgen, as well as Rosenthal's claim, remain. The Clerk is directed to set this matter on the Court's calendar for a telephone conference to address further proceedings.

**SO ORDERED** at Green Bay, Wisconsin this 1st day of July, 2024.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge